JOHN SCHEURING, Claimant *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed December 14, 1937.*

808

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the attached statement of facts submitted by you in the matter of the claim of *John Scheuring* vs. *Illinois Emergency Relief Commission,* the following Opinion is rendered, based upon the aforementioned statement:

Such statement discloses that Claimant John Scheuring had been employed by the Illinois Emergency Relief Commission for approximately two years prior to May 1, 1935, during which time he had worked on various Relief Projects, being employed approximately thirty-two hours per week, at Forty (40) Cents per hour, or a yearly total of Six Hundred Twenty-four ($624.00) Dollars. On the date stated he was shoveling gravel from a pit at Fox River Grove, Illinois, into trucks belonging to the Division of Highways of Illinois, on road work in McHenry County on Project No. S255-B2-121. While so engaged a rock weighing approximately one hundred pounds rolled into the pit, pinning claimant against the truck and resulting in a fracture of both bones in his left leg. Immediate medical care was given, and claimant remained in the Harvard Community Hospital from the date of the accident until August 9, 1935. When discharged from the hospital he was still walking on crutches, and on March 24, 1937 Dr. C. J. Maxon who had assisted in caring for the patient at the time of the injury, stated that X-ray pictures taken on May 1, 1936, showed a perfect union of the broken bones, but that because claimant was seventy (70) years old, there was not much possibility of his having more than seventy (70) per cent use of his leg, and that a stiffness in the ankle and weakness in the leg would always exist.

The statement further shows that claimant has been unemployed since the accident, but that he and his wife had been

receiving Old Age Assistance from the State of Illinois, in the sum of Twenty-eight ($28.00) Dollars per month since March 24, 1937, and that he had no children at the time of the accident who were then under the age of sixteen years.

It further appears that all medical and hospital bills have been paid by the State and that claimant, by and with the advice of his Attorney, has agreed to accept Three Hundred Ninety ($390.00) Dollars in full settlement for the injuries sustained by him in the accident in question.

The statement sufficiently discloses:

That claimant sustained an injury while employed by the respondent;

That the injuries received are compensable under the terms of the Workmen's Compensation Act;

That the purported settlement of Three Hundred Ninety ($390.00) Dollars is within the amount to which claimant would be entitled for temporary total disability and thirty (30) per cent specific loss of use of claimant's left leg; all as provided for under Sections 8 (b), 8 (e), 15 and 17 of the Illinois Workmen's Compensation Act.

We therefore find that such settlement by the I. E. R. C. with claimant is legally justified. While no claim has heretofore been filed by claimant in the Court of Claims, the release that will be obtained by the Commission in making the above settlement should be so drawn as to preclude the filing of any such claim hereafter.